UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONALD DWAYNE BIBB,<br><br>       Plaintiff,<br><br>    -against-<br><br>AT&T CORP.; CALDWELL BANKER; ENTERPRISE RENT A CAR; FRANKLIN FEDERAL,<br><br>       Defendants. | 20-CV-8590 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendants violated his constitutional rights. By order dated November 4, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). For the following reasons, this action is transferred to the United States District Court for the Southern District of Ohio, Eastern Division.

## BACKGROUND

Plaintiff Ronald Dwayne Bibb, an Ohio resident, filed this complaint, which is not a model of clarity, against AT&T Corporation, Caldwell Banker, "Enterprise Rent a Car" (Enterprise), and Franklin Federal Savings & Loan.[1] Plaintiff alleges that from 1963 through 2020, Defendants violated his rights under the First, Second, and Fourteenth Amendments. The complaint sets forth random events, including the following.

> Around 7-7-19 I was taken to Netcare on Central Ave. in Columbus, Ohio on what they call a pink ticket. At the same time they got involved with my mother's landlord and he told her the owners did not want to rent anymore. So on 7-1-19 a

---

[1] Plaintiff provides a Georgia address for AT&T, a New Jersey address for Caldwell Banker, a Missouri address for Enterprise, and a Virginia address for Franklin Federal. (ECF 2, ¶ B.)

> paper that said notice and direction. She had 30 days to move. My mother went and lived with her health care worker and they took me to Doctors West for heart problems and back to Netcare and then to River Vista Health and Wellness. This all happened in about 3 hours. While I was being questioned the lady that was talking to me got me to talk about me being molested. This goes into when I was hit by a van in 1972. Somehow it rolled over both of my legs. There was a tire mark across my left knee cap. And a tire mark across my right leg between my knee cap and my ankle. My left stop growing. I was hit a day before my 15th birthday.

(ECF 2 at 6-7.)

Plaintiff further asserts that in 2018, he was in a car accident. Enterprise billed Plaintiff $989 and "2 days rental fee on the same bill," because "they got mad because I didn't pay for $10.00 a day for insurance." The complaint goes on to discuss various other matters, including a probate matter in 1972 involving Franklin Federal Bank in Ohio, and assaults that Plaintiff experienced in the "late 1970s" and in "the 1980s." (*Id.* 9-13.) Plaintiff submitted a $50.00 money order with the complaint.

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

For venue purposes, a defendant corporation generally resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . ." 28 U.S.C. § 1391(c)(2). Where a state has more than one judicial district, a defendant corporation generally "shall be deemed to reside in any district in that State within

which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." 28 U.S.C. § 1391(d).[2]

It is not clear where all of the events giving rise to this complaint occurred, but at least some of them took place in Columbus, Ohio, in Franklin County. Plaintiff lists addresses for Defendants in Georgia, New Jersey, Missouri, and Virginia. Because Plaintiff does not allege that Defendants reside in this District or that a substantial part of the events or omissions underlying his claim arose in this District, venue does not appear to be proper in this District under § 1391(b)(1) or (2).

Even if venue were proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n.*

---

[2] In a state with multiple districts, if there is no such district, "the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).

*Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. At least some portion of the underlying events occurred in Columbus, Ohio, where Plaintiff resides. Columbus, Ohio is located in Franklin County, which falls within the Southern District of Ohio, Eastern Division. *See* 28 U.S.C. § 115(b)(2). Venue is therefore proper in the Southern District of Ohio. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Southern District of Ohio. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Ohio, Eastern Division. The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket.

The Clerk of Court is also directed to issue a check in the amount of $50 and mail it to Plaintiff via certified mail.[3] A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: December 8, 2020
 New York, New York

 COLLEEN McMAHON
 Chief United States District Judge

---

[3] Because Plaintiff was granted leave to proceed IFP, the Court is refunding his $50 payment to him.