**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**RONALD DWAYNE BIBB,**

    **Plaintiff,**

  v.                                           **Civil Action 2:20-cv-6490
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson**

**AT&T CORPORATION, et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

This matter is before the Court on the September 16, 2021, Order to Show Cause. (Doc. 7). For the following reasons, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 2) be **DISMISSED**.

**I.**     **BACKGROUND**

Plaintiff filed this lawsuit on October 14, 2020, in the United States District Court for the Southern District of New York, along with a Request to Proceed in forma pauperis. (Docs. 1, 2). That Court granted Plaintiff's request to proceed without prepayment of fees (Doc. 3). The case was then transferred to the United States District Court for the Southern District of Ohio on December 21, 2020. (Doc. 6). Upon transfer, Plaintiff failed to submit any documents to effect service of process on Defendants. On September 16, 2021, the Undersigned ordered Plaintiff to submit proper service documents to the Clerk or otherwise show cause by September 30, 2021. (Doc. 7). The show cause order was mailed to Plaintiff on September 16, 2021. On October 12, 2021, the mail was returned as undeliverable because Plaintiff's address was incorrectly written, omitting the apartment number. (Doc. 8). On October 14, 2021, the show cause order was sent to Plaintiff at the correct address. (Doc. 9).

Plaintiff responded on October 22, 2021.  Plaintiff's response did not address the issue of service.  (Doc. 9 at 1).  Instead, it says: "Your honors The Clerk of Courts will not let me have counsel or send me the appropriate document I need to File for appeals or anything else. As you can see by the documents I am sending you that shows just cause for civil and criminal proceedings. Thank You." (*Id.*).  The attached documents do not address Plaintiff's failure to serve and do not appear to support his claim.

The Complaint contains disorganized and incomplete allegations beginning in 1963 and extending to present day.  Plaintiff discusses that in 1972 he was hit with a van.  (Doc. 2 at 6). Plaintiff alleges that someone—various banks possibly—have been stalking him and his family. (*Id.*).  He states that he was held by President J.F.K. as a baby and that "somehow they knew about that[;]" it is unclear who "they" refers to.  (*Id.*).  Plaintiff also discusses insurance fraud.  (*Id.*). Plaintiff describes various medical incidents, including two times he was in a full body cast after being "jumped" and a spider bite in which his hand was very swollen. (*Id.* at 7).  Plaintiff describes a car crash and various issues with an insurance company and rental car company.  (*Id.* 8).  Plaintiff alleges identification and insurance fraud.  (*Id.*at 9).  Plaintiff alleges that they—possibly Progressive Insurance Company—took his driver's license and are targeting individuals.  (*Id.*). Plaintiff states that at 13-years-old he put his "hand down on a Pepsi bottle that broke and it went straight through his left wrist . . . ." (*Id.*).  Plaintiff says, "Your honors I can't fit everything in these papers that has been done to me since I was a baby." (*Id.* at 9).  He also says that they— possibly Grant Hospital—were stalking him and his girlfriend.  Plaintiff alleges that hospitals and doctors have poked and prodded him since he was a baby "because of [his] holy blood line . . . ." (*Id.* at 10).

II. **DISCUSSION**

The Undersigned recommends dismissal on two bases.

    **A.**    **Service**

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

On balance, the factors set forth in *Schafer* support dismissal. Plaintiff still has not served defendants. Plaintiff has not shown cause for why he has not served defendants. Plaintiff's failure to serve defendants or to explain to the Court why he has not served defendants indicates that he has "a reckless disregard for the effect of [his] conduct on [the Court's] proceedings[,]" and thus

acted with willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Second, a defendant is prejudiced whenever she has "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Id.* at 737 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). "[A] plaintiff's failure to serve process in a timely manner may in some cases amount to a failure to prosecute . . . and a district court may dismiss an action on this ground, Fed.R.Civ.P. 41(b)." *Nealey v. Transportacion Maritima Mexicana, S. A.*, 662 F.2d 1275, 1278 (9th Cir. 1980) (internal citation omitted). Plaintiff's failure to serve Defendants in this case weighs in favor of dismissal. S*ee Fisher v. Longtin*, No. 3:19-CV-00769, 2020 WL 1979654, at *1 (M.D. Tenn. Apr. 6, 2020), report and recommendation adopted, No. 3:19-CV-00769, 2020 WL 1976179 (M.D. Tenn. Apr. 24, 2020) (dismissing without prejudice under Rule 41(b) for failure to serve defendants).

The third and fourth factors weigh in favor of dismissal. The Court warned Plaintiff in its Show Cause Order that failure to comply with the order would result in an order that this case be dismissed. (Doc. 7). Furthermore, the Undersigned has considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to meaningfully participate in these proceedings. *Grange Mut. Cas. Co. v, Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In sum, Plaintiff has acted willfully and in bad faith despite warning of sanction. Because lesser sanctions would be futile, dismissal of Plaintiff's action is appropriate here. *See Lee v. Glaxosmithkline*, LLC, No. 2:12–cv–02393, 2014 WL 691192, at *2 (W.D. Tenn. Feb. 21, 2014)

4

(dismissing for failure to prosecute because plaintiff had "failed to comply with several orders of the Court including . . . to respond to an Order to Show Cause").

**B.     28 U.S.C. § 1915(e)**

As noted, the United States District Court for the Southern District of New York granted Plaintiff's motion to proceed in forma pauperis. Because that Court did not conduct an initial screen of the Complaint, the Undersigned does so now.

Congress enacted 28 U.S.C. § 1915, the federal in forma pauperis statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)1 as part of the statute, which provides in pertinent part: (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- * * * (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or . . . . 28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires sua sponte dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Plaintiff has filed two other complaints, case numbers 2:20-cv-6491 and 2:20-cv-6541, in this Court both of which were dismissed upon an initial screen. These complaints had similar factual allegations to the case here. Those cases were dismissed because the complaints were procedurally deficient because a legal injury was not clearly stated. *See Bibb v. Malek & Malek,*

5

No. 2:20-CV-6491, 2021 WL 534605, at *2 (S.D. Ohio Feb. 12, 2021), report and recommendation adopted, No. 2:20-CV-6541, 2021 WL 1383188 (S.D. Ohio Apr. 13, 2021). Additionally, Plaintiff's earlier complaints "fail[ed] to state a comprehensible factual theory. Even affording Plaintiff's Complaints the most liberal construction, they [could] only be understood as a collection of unrelated and incoherent conspiracy theories against a seemingly arbitrary set of Defendants." *Id.* The same is true here, and dismissal is warranted under 28 U.S.C. § 1915(e).

III.   **CONCLUSION**

For the foregoing reasons, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 2) be **DISMISSED** for failure to prosecute pursuant to Rule 41 and as frivolous under 28 U.S.C. § 1915(e).

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.


Date:  October 27, 2021                          <u>/s/ Kimberly A. Jolson</u>
                                                               KIMBERLY A. JOLSON
                                                               UNITED STATES MAGISTRATE JUDGE